Jones, J.
(dissenting). I cannot accept the view expressed by the majority that claimant is entitled to workmen’s compensation benefits as a matter of law.
Sue Greene was employed as a homemaker in the Depart *327 ment of Social Services of the City of New York. In the performance of her duties she was required to travel to the homes of her several clients. On September 10, 1974, about 2:00 p.m., while driving her own car from one work assignment to another she was injured in a traffic accident.
After a hearing the referee denied her claim on a finding that her injuries did not arise out of and in the course of her employment. The Workmen’s Compensation Board affirmed this initial determination, and the board’s decision was affirmed at the Appellate Division. The familiar issue on the appeal before us is whether there was substantial evidence to sustain the determination of the board.
Although I recognize that contrary inferences might have been drawn from the uncontroverted testimony in this record and concede that I would likewise have upheld the board had it determined to grant benefits, I agree with the majority at the Appellate Division that there was substantial evidence to support the board’s denial of benefits. Both Mrs. Duncan, claimant’s case supervisor, and Barbara Patrick, a supervising field worker, testified that homemakers were not authorized to use their private cars unless permission was obtained.* Neither knew of claimant’s having sought such permission; indeed claimant testified that she had never asked for authorization to use her car. Claimant also testified that neither her supervisor nor any other superior knew that she was using her car, and further that she had used it for her own convenience — it had been a cold morning and she would otherwise have had to take two buses for an early appointment.
Based on consideration of the entire record, including the testimony taken before him, the referee found "that this claimant used her personal automobile for her own convenience and her personal use, without the consent, knowledge, and or authority of her employer, the City of NY”. The denial of compensation benefits was predicated on this finding.
Whether, in the circumstances disclosed in this record, the unauthorized use of a private automobile constituted such a deviation and departure as to fall outside the course of employment involves exactly the sort of factual evaluation and *328 appraisal which the Workmen’s Compensation Board is appointed to make. Manifestly some variances from normal practice in the performance of assigned duties will be within "the course of employment”, others will fall outside that scope. Cases at either extreme will be readily decided. It is precisely the function and responsibility of the Workmen’s Compensation Board, with its daily experience and intimate consciousness of the purpose and objectives of the Workmen’s Compensation Law, to resolve those cases which approach the demarcation line. Determinations of the board in such cases are beyond the reach of judicial intervention; it is only when it may be concluded that a contrary finding was dictated as a matter of law that the courts may set aside the action of the board. There is no such mandate in this instance.
Judges Gabrielli, Wachtler, Fuchsberg and Cooke concur with Judge Jasen; Judge Jones dissents and votes to affirm in a separate opinion in which Chief Judge Breitel concurs.
Order reversed, with costs, and the matter remitted to the Appellate Division, Third Department, with directions to remand to the Workers’ Compensation Board for further proceedings in accordance with the opinion herein.

 I find no support in the record, by way of express testimony or by implication which might be drawn from the context in which the testimony appears, for the assumption made by the dissenters in the Appellate Division that the "authorization” referred to was related only to entitlement to reimbursement for travel expenses. Indeed claimant makes no such contention in our court.